IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

HOCK FOODS, INC., )
f/k/a WILLIAMS FOODS, INC., )
)
                     **Plaintiff,** )
)
v. ) CIVIL ACTION
) No. 09-2588-KHV
)
WILLIAM BLAIR & COMPANY, LLC., )
)
                     **Defendant.** )
_____)

## MEMORANDUM AND ORDER

Hock Foods, Inc., f/k/a/ William Foods, Inc., filed suit against William Blair and Company, LLC, alleging state law claims for breach of contract. This matter is before the Court on Plaintiff's Response To Order To Show Cause [Why The Court Should Not Dismiss The Case For Lack Of Subject Matter Jurisdiction] (Doc. #11) filed March 3, 2010 and Defendant's Motion To Dismiss Or, In The Alternative, To Transfer To The United States District Court For the Northern District of Illinois (Doc. #4) filed January 13, 2010. For reasons set forth below, the Court finds that plaintiff has shown cause why the Court should not dismiss the case and that defendant's motion should be overruled.

### Legal Standards

Under 28 U.S.C. § 1404(a), "for the convenience of the parties and witnesses," and "in the interest of justice," the Court may transfer a case to any district or division where it might have been brought. Section 1404(a) affords the district court broad discretion to adjudicate motions to transfer based upon a case-by-case review of convenience and fairness. Scheidt v. Klein, 956 F.2d 963, 965 (10th Cir. 1992); Chrysler Credit Corp. v. Country Chrysler, Inc., 928 F.2d 1509, 1516 (10th Cir.

1991). The moving defendant bears the burden of demonstrating that the facts weigh heavily in favor of transfer, and plaintiff's choice of forum is afforded "great weight." KCJ Corp. v. Kinetic Concepts, Inc., 18 F.Supp.2d 1212, 1214 (D. Kan. 1998); see Scheidt, 956 F.2d at 965 (unless balance of consideration strongly favors moving party, plaintiff's choice of forum not disturbed).

Rule 12(b)(3) governs motions to dismiss for improper venue. "Venue" refers to the place where a lawsuit should be brought, and must be proper for each claim pleaded. Universal Premium Acceptance Corp. v. Oxford Bank & Trust, 277 F. Supp.2d 1120, 1129 (D. Kan. 2003). Once challenged, plaintiff must show that venue is proper in the forum state. Mohr v. Margolis, Ainsworth & Kinlaw Consulting, Inc., 434 F. Supp.2d 1051, 1058 (D. Kan. 2006) (citing M.K.C. Equip. Co. Inc. v. M.A.I.L. Code, Inc., 843 F. Supp. 679, 682 (D. Kan. 1994)). The procedure to decide a motion to dismiss for improper venue is generally the same as deciding a motion to dismiss for lack of personal jurisdiction. Black & Veatch Constr., Inc. v. ABB Power Generation, Inc., 123 F. Supp.2d 569, 572 (D. Kan. 2000). In ruling on the motion, the Court may consider matters outside the pleadings without converting it to a motion for summary judgment. Topliff v. Atlas Air, Inc., 60 F. Supp.2d 1175, 1176 (D. Kan.1999); see Black & Veatch, 123 F. Supp.2d. at 572 (affidavit and other written material can be considered on motion to dismiss for lack of personal jurisdiction).

**Facts**

Hock Foods, Inc., formerly known as Williams Foods, Inc. ("Williams"), is a Missouri corporation. Until recently, plaintiff maintained its principal place of business in Lenexa, Kansas. Plaintiff's principal place of business is now in North Carolina.

William Blair and Company, LLC is a Delaware limited liability company whose members are all citizens of Illinois. Blair's headquarters are in Chicago, Illinois. Blair does not have an office or employees in Kansas.

On April 27, 2007, plaintiff engaged defendant to provide investment banking services in

-2-

connection with the potential sale of its business lines, Williams Foods and Wolfermann's. Defendant drafted a letter which set forth the terms of the engagement agreement between it and plaintiff. Plaintiff's president and CEO, Conrad Hock, executed the agreement at plaintiff's offices in Lenexa, Kansas, in the presence of defendant's representatives. The agreement included the following provision:

> **Governing Law; Jurisdiction; Waiver of Jury Trial**.
>
> This letter agreement and the Indemnity Agreement will be deemed made in Illinois and will be governed by the laws of the State of Illinois. The Company [Hock Foods] irrevocably submits to the jurisdiction of any court of the State of Illinois or the United States District Court of the Northern District of the State of Illinois for the purpose of any suit, action or other proceeding arising out of this letter agreement, . . . or transactions contemplated hereby, which is brought by or against the Company. . . .

Doc. #1-1 at 5.

In conjunction with plaintiff's efforts to sell its lines of business, defendant's representatives – primarily James Bertram and Adam Filkin – traveled to Kansas on multiple occasions, sometimes staying in Kansas for several weeks at a time. None of plaintiff's employees or representatives ever traveled to Chicago to meet with defendant. Plaintiff's outside accountants in Kansas City, Missouri, were extensively involved in the sales efforts. In addition, plaintiff engaged two law firms in Kansas City, Missouri: Spencer Fane Britt & Browne and Husch Blackwell Sanders, LLC. Several of plaintiff's employees who reside in Kansas were involved in the sales efforts, including Vicki Smith, Mark Eckerd, Tom Keim and Linda Hedrick. All of plaintiff's sales efforts took place in Lenexa, Kansas or at plaintiff's attorneys' offices in Kansas City, Missouri (which is about 15 minutes from Lenexa). Defendant's staff conducted its work for plaintiff out of its office in Chicago. None of them resided in Kansas. Documents relating to defendant's fee calculation for the engagement agreement are located in Chicago.

Plaintiff sold its business lines in two separate transactions. The preliminary negotiations

for both transactions occurred in Kansas. Final negotiations took place in Kansas City, Missouri. Representatives of defendant were present for all negotiations. The closings for both transactions took place in Kansas City, Missouri. Representatives of defendant were present at both closings. Before the second closing, in March of 2008, plaintiff wired defendant the fee for the second transaction from its bank in Kansas. Plaintiff later discovered that it had paid defendant more than the agreed-upon fee.[1] On November 12, 2009, plaintiff filed suit to recover the excess fee.[2]

**I.  Plaintiff's Response To The Court's Order To Show Cause**

As noted, plaintiff is a Missouri corporation with its principal place of business in North Carolina. Plaintiff alleges that defendant is a limited liability company organized under Delaware law with its principal place of business in Chicago, Illinois. Plaintiff's sole basis for subject matter jurisdiction is diversity of citizenship under Section 1332, which requires complete diversity between all plaintiffs and all defendants. See 28 U.S.C. § 1332; Radil v. Sanborn W. Camps, Inc., 384 F.3d 1220, 1225 (10th Cir. 2004). On March 1, 2010, the Court ordered plaintiff to show good cause in writing why its complaint should not be dismissed for failure to properly allege subject matter jurisdiction. See Order To Show Cause (Doc. #10). Specifically, the Court noted that for purposes of diversity, a limited liability company is a citizen of each state of which its members are citizens, and that the complaint did not allege the citizenship of each member of Blair. Id. at 1-2; see Birdsong v. Westglen Endoscopy Ctr., LLC, 176 F. Supp.2d 1245, 1248 (D. Kan. 2001); see also Pramco, LLC v. San Juan Bay Marina, Inc., 435 F.3d 51, 54 (1st Cir. 2006) (in every circuit to consider issue, citizenship of LLC determined by citizenship of members).

---

[1] One of the issues in determining the correct fee is the value of warehouses located in Lenexa, Kansas.

[2] After plaintiff filed this lawsuit, defendant filed a lawsuit against plaintiff in the Circuit Court of Cook County, Illinois. Plaintiff asserts that the causes of action alleged by defendant in the Illinois lawsuit are compulsory counterclaims in this lawsuit.

In response to the order to show cause, plaintiff has presented evidence that all members of William Blair and Company, LLC are citizens of Illinois. The Court therefore finds that plaintiff has shown good cause why the case should not be dismissed for lack of subject matter jurisdiction.

## II. Defendant's Motion To Dismiss Or, In The Alternative, To Transfer To The United States District Court For the Northern District of Illinois

Defendant asserts that the parties contractually selected Illinois as the forum for this litigation and that the Court therefore must dismiss the case for improper venue under Rule 12(b)(3), Fed. R. Civ. P. In the alternative, defendant asks the Court to transfer the case to the United States District Court for the Northern District of Illinois under 28 U.S.C. § 1404(a) or to dismiss the case under the doctrine of *forum non conveniens*.

### A. <u>Motion To Dismiss Based On Forum Selection Clause</u>

Defendant contends that the engagement agreement has a forum selection clause which requires plaintiff to bring suit in Illinois state court or the United States District Court for the Northern District of Illinois.

As a preliminary matter, the parties disagree as to what law determines the effect of the purported forum selection clause. Defendant asserts that district courts sitting in diversity cases interpret forum selections clauses under federal law. See Doc. #5 at 6 n. 3 (citing <u>Bizilj v. St. John's Military School</u>, No. 08-cv-2036-CM, 2008 WL 4394713, at *3 (D. Kan. Sept. 24, 2008); <u>Kirk v. NCI Leasing, Inc.</u>, No. 05-1199-MLB, 2005 WL 3115859, at *2 (D. Kan. Nov. 21, 2005)). Plaintiff asserts that "[u]nder Kansas law, the parties' contractually chosen law governs interpretation of a forum selection law, and thus Illinois law applies." Doc. #9 at 6 n.2 (citing <u>TH Agriculture & Nutrition, LLC v. Ace European Ltd.</u>, 416 F Supp.2d 1054 (D. Kan. 2006)). Because the record reveals no material discrepancy between federal common law and Illinois law, however, the Court need not decide any choice of law issue. See <u>Certain Underwriters at Lloyd's, London v. Argonaut</u>

Ins. Co., 444 F. Supp.2d 909, 921 (N.D. Ill. 2006) (court need not resolve choice of law issue because federal common law choice-of-law principles and Illinois choice-of-law principles lead to same law); Shell v. R.W. Sturge, 55 F.3d 1227, 1229 (6th Cir. 1995) (unnecessary to decide choice of law issue because Ohio law and federal common law treated forum selection clauses in similar manner); Lambert v. Kysar, 983 F.2d 1110, 1116 (1st Cir. 1993) (no material discrepancy between state law and federal law, so court need not confront choice-of-law issue or "daunting question whether forum selection clauses are to be treated as substantive or procedural for Erie purposes").

In this case, as noted, the contract provides in relevant part as follows:

> This letter agreement and the Indemnity Agreement will be deemed made in Illinois and will be governed by the laws of the State of Illinois. The Company [plaintiff] irrevocably submits to the jurisdiction of any court of the State of Illinois or the United States District Court of the Northern District of the State of Illinois for the purpose of any suit, action or other proceeding arising out of this letter agreement, . . . or transactions contemplated hereby, which is brought by or against the Company.

Defendant claims that the clause is a mandatory forum selection clause and that this Court should enforce it by dismissing the case for improper venue. Plaintiff counters that the clause is permissive, merely designating one acceptable forum without foreclosing others.

Mandatory forum selection clauses are prima facie valid and should be enforced unless enforcement would be unreasonable or unjust. See Am. Soda, LLP v. U.S. Filter Wastewater Group, 428 F.3d 921, 927 (10th Cir. 2005); Calanca v. D & S Mfg. Co., 157 Ill. App. 3d 85, 87, 510 N.E.2d 21, 23 (Ill App. 1987). Where venue is specified with mandatory or obligatory language, the clause will be enforced; where only jurisdiction is specified, the clause will generally not be enforced unless further language indicates the parties' intent to make venue exclusive. Paper Exp., Ltd. v. Pfankuch Maschinen GmbH, 972 F.2d 753, 757 (7th Cir. 1992) (mandatory language indicates that parties have selected particular forum; permissive language indicates merely preference for certain forum); see K & V Scientific Co. v. BMW, 314 F.3d 494, 498 (10th Cir. 2002) (forum selection

clause mandatory if clear language shows that jurisdiction is appropriate only in designated forum); Hoes of Am., Inc. v. Hoes, 493 F. Supp. 1205, 1206 (C.D. Ill. 1979) (provision that "[a]ny court procedures shall be held in Bremen" mandatory); Calanca, 157 Ill. App. 3d at 87; 510 N.E.2d at 22-23 ("proper forum shall be [in designated venue]" constitutes mandatory forum-selection clause).

Here, the clause states that plaintiff "irrevocably submits to the jurisdiction of any court of the State of Illinois or the United States District Court of the Northern District of the State of Illinois for the purpose of any suit, action or other proceeding arising out of this letter agreement, . . . or transactions contemplated hereby, which is brought by or against the Company." It does not mention venue, and does not include the mandatory "shall" or "must." See, e.g., Fla. State Bd. of Admin. v. Law Eng'g & Envtl. Servs., Inc., 262 F. Supp.2d 1004, 1009 (D. Minn. 2003) (clause stating that party "hereby irrevocably submits to" a particular jurisdiction contains no mandatory language; no intent to make jurisdiction exclusive). Further, to the extent that the clause is ambiguous, the Court construes the ambiguity against defendant, which drafted the clause. See Bodine Elec. Co. v. Viking Access Sys, LLC., No. 09-C-3055, 2009 WL 3055362, at *2 (N.D. Ill. Sept. 22, 2009) (drafter of forum selection clause can state intent clearly, so courts construe ambiguity against it). Because the clause contains permissive language, it is not a mandatory forum selection clause and it does not limit venue to Illinois. The Court therefore finds that defendant's motion to dismiss for improper venue should be overruled.

B.      Motion To Transfer Venue Under 28 U.S.C. § 1404

In the alternative, under 28 U.S.C. § 1404, defendant asks the Court to transfer the case to the United States District Court for the Northern District of Illinois.[3] The Court considers the

---

[3] 28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."

following factors in determining whether to transfer a case under Section 1404:

> [T]he plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and, all other considerations of a practical nature that make a trial easy, expeditious and economical.

Chrysler Credit Corp., 928 F.2d at 1516. The party seeking to transfer the case has the burden of proving that the existing forum is inconvenient. Scheidt, 956 F.2d at 965. Applying these factors to the facts in this case, the Court finds that transfer is not warranted.

### 1. Plaintiff's Choice of Forum

Plaintiff's choice of forum is generally entitled to great deference. Id. at 965. Where plaintiff's choice of forum is not its residence, however, that consideration receives much less weight. Id.; see Hendren v. Bd. of County Comm'rs for Sedgwick County, Kan., No. 09-2228-JWL, 2010 WL 235036, at *1 (D. Kan. Jan. 15, 2010) (rule which turns on assumption that plaintiff resides in chosen forum largely inapplicable if plaintiff does not reside there). Here, plaintiff is a Missouri corporation with its principle place of business in North Carolina. Because plaintiff is not a resident of Kansas, its choice of forum receives little weight. See 15 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure: Jurisdiction § 3848 (3d ed. 2007) (many courts give substantially less deference, if any, to plaintiff's choice of forum when plaintiff resides elsewhere).

### 2. Convenience And Accessibility Of Witnesses

In deciding a motion to transfer, the convenience of the forum for non-party witnesses is a primary, if not the most important, factor. Spires v. Hosp. Corp. of Am., No. 06-2137-JWL, 2006 WL 1642701, *2 (D. Kan. June 8, 2006). Defendant argues that the "vast majority of witnesses and

proof" are located in the Northern District of Illinois. Specifically, defendant asserts that its people who worked on the engagement and calculated the fee which is now in dispute are located in the Northern District of Illinois. Plaintiff counters that several attorneys and accountants who worked on the sales, as well as former employees who worked on the sales, reside in or near the District of Kansas. It appears that the convenience of non-party witnesses does not strongly favor either forum.

### 3. Accessability Of Other Sources of Proof

Defendant asserts that all of its documents relating to this litigation are located at its headquarters in Illinois. Plaintiff points to evidence that the closings for the transactions occurred in Kansas City, Missouri and that relevant documents are located in Lenexa, Kansas or Kansas City, Missouri. Neither side contends that documents will be inaccessible in either forum, and in this day of high-tech discovery, this factor does not weigh in favor of transfer.

### 4. Fair Trial

Defendant presents no evidence that transfer is necessary to obtain a fair trial. This factor does not weigh in favor of transfer.

### 5. Choice of Law

Defendant points out that the parties have agreed that Illinois law will apply to this dispute. Defendant argues that the choice of law provision favors transfer. The Court notes that Illinois and Kansas contract law do not differ significantly, however, and this Court can adequately apply Illinois law to this case. This factor weighs only slightly in favor of transfer.

### 6. Local Interest in Adjudicating Local Disputes

This dispute arose from an agreement related to sale of a business located in Kansas. This factor weighs against transfer. See Barnes & Noble Booksellers, Inc. v. Town Center Plaza, LLC, No. 05-2-11-CM, 2005 WL 2122803, at *3 (D. Kan. May 18, 2005).

### 7. Other Considerations

Neither side presents any convincing arguments with regard to other considerations. In light of the above-mentioned factors, the Court concludes that defendant has not met its burden to show that the existing forum is inconvenient. The Court therefore overrules defendant's motion to transfer venue to the Northern District of Illinois.

### C.   *Forum Non Conveniens*

Finally, defendant asks the Court to dismiss the case under the doctrine of *forum non conveniens*. The burden is on the moving party to show the need for *forum non conveniens* transfer. The party seeking transfer must show that the balance of interests strongly supports a different forum. Dismissal is appropriate only under rare circumstances, as when trial of the matter would result in "oppressiveness and vexation" to a defendant, out of all proportion to plaintiff's convenience. Raytheon Aircraft Credit Corp. v. Pal Air Intern., Inc., 923 F. Supp. 1408, 1416 (D. Kan. 1996). Defendant devotes little analysis to its suggestion that the Court dismiss under *forum non conveniens*. The same considerations which the Court has addressed in analyzing the motion to transfer under Section 1404 apply to the issue of *forum non conveniens*.

Defendant contends that the Northern District of Illinois is the more convenient forum. It notes that Illinois law governs the substantive issues of contract interpretation and that none of the parties now have a principal place of business in Kansas. The need to determine and apply the contract law of another state weighs in favor of dismissal, but it is not controlling. Grimandi v. Beech Aircraft Corp., 512 F. Supp. 764, 780-81 (D. Kan. 1981). Defendant points out that many witnesses reside in Illinois, but many others reside in Kansas or Missouri. Further, this case arose while plaintiff had its principal place of business in Kansas. This forum therefore has an interest in resolving the issues in this case. See Barnes & Noble, 2005 WL 2122803, at *4. Defendant has not shown that failure to transfer the case would result in vexation or oppressiveness out of all proportion

-10-

to plaintiff's convenience.  Grimandi, 512 F. Supp. at 781 (court must respect plaintiff's choice of forum unless it is significantly inconvenient).  For these reasons, the Court finds that defendant's motion to dismiss for *forum non conveniens* must be denied.

**IT IS THEREFORE ORDERED** that plaintiff has shown good cause why the Court should not dismiss the case for lack of subject matter jurisdiction.

**IT IS FURTHER ORDERED** that Defendant's Motion To Dismiss Or, In The Alternative, To Transfer To The United States District Court For the Northern District of Illinois (Doc. #4) filed January 13, 2010 be and hereby is **OVERRULED**.

Dated this 25th day of March, 2010 at Kansas City, Kansas.

> s/ Kathryn H. Vratil
> KATHRYN H. VRATIL
> United States District Judge